UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CATHERINE C. VAUGHAN, } <br> ON BEHALF OF HERSELF AND } <br> ALL OTHERS SIMILIARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> GC SERVICES LIMITED PARTNERSHIP, } <br> } <br> Defendant. } | Civil Action, File No. <br> 2:17-cv-03914-DRH-AYS |

**AMENDED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Catherine C. Vaughan [hereinafter "Vaughan"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, GC Services Limited Partnership [hereinafter "GC Services"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on GC Services' regular transaction of business within this district.  Venue in this district also is proper based on GC Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Northland also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Vaughan is a natural person who resides at 2811 Falcon Avenue, Medford, NY 11763.

6. Vaughan is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 4, 2016, GC Services sent Vaughan the letter annexed as Exhibit A. Vaughan received and read Exhibit A. For the reasons set forth below, Vaughan's receipt and reading of Exhibit A deprived Vaughan of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, GC Services sent Exhibit A to Vaughan in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Chase Bank USA, N.A. for hers individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. GC Services, via Exhibit A, attempted to collect this past due debt from Vaughan in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account with Chase Bank USA, N.A. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. GC Services is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

11. Based upon Exhibit A and upon GC Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of GC Services is the collection of debts using the instrumentalities of interstate

commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, GC Services sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, GC Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A set forth a "Balance Due" of $7,980.64.

16. Any "Balance Due" resulted from an agreement between Vaughan and Chase Bank USA, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

17. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Balance Due" due but unpaid to Chase Bank USA, N.A.

18. Pursuant to the aforementioned agreement, Chase Bank USA, N.A. and any assignee or successor-in-interest had a legal right at any time to collect from Vaughan the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Balance Due" due but unpaid to Chase Bank USA, N.A. and any assignee or successor-in-interest.

19. The aforementioned right to collect from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by Chase Bank USA, N.A. or any assignee or successor-in-interest as a result of a failure by either Chase Bank USA, N.A. and any assignee or successor-in-interest at any point in time to attempt to collect from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

20. On the date of Exhibit A, neither GC Services nor Chase Bank USA, N.A. may have had any intention of seeking from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  However, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to instruct GC Services to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  In the alternative, as shown by Exhibit B, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to recall Vaughan's account from GC Services.  If such a recall occurred, GC Services would not know whether or not Chase Bank USA, N.A. would exercise its aforementioned right to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  Also, if such a recall occurred, GC Services would not know whether or not Chase Bank USA, N.A. would sell Vaughan's debt to a party who then would exercise the aforementioned right to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

21. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Vaughan and/or the "Balance Due" sought from Vaughan may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A

did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Vaughan would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance Due" of $7,980.64 to increase.

22. For the above reasons, Exhibit A did not set forth the amount of the "debt". <u>Carlin v. Davidson Fink LLP</u> No. 15-3105-cv (2nd Cir., 2017); and <u>Balke v. Alliance One Receivables Mgmt., Inc.</u> 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

23. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Vaughan.

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

25. Exhibit A set forth a "Balance Due" of $7,980.64.

26. Any "Balance Due" resulted from an agreement between Vaughan and Chase Bank USA, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

27. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Balance Due" due but unpaid to Chase Bank USA, N.A.

28. Pursuant to the aforementioned agreement, Chase Bank USA, N.A. and any assignee or successor-in-interest had a legal right at any time to collect from Vaughan the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Balance Due" due but unpaid to Chase Bank USA, N.A. and any assignee or successor-in-interest.

29. The aforementioned right to collect from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by Chase Bank USA, N.A. or any assignee or successor-in-interest as a result of a failure by either Chase Bank USA, N.A. and any assignee or successor-in-interest at any point in time to attempt to collect from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

30. On the date of Exhibit A, neither GC Services nor Chase Bank USA, N.A. may have had any intention of seeking from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  However, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to instruct GC Services to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  In the alternative, as shown by Exhibit B, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to recall Vaughan's account from GC Services.  If such a recall occurred, GC Services would not know whether or not Chase Bank USA, N.A. would exercise its aforementioned right to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".  Also, if such a recall occurred, GC Services would not know whether or not Chase Bank USA, N.A. would sell Vaughan's debt to a party who then would exercise the aforementioned right to seek from Vaughan the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

31. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Vaughan and/or the "Balance Due" sought from Vaughan may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A

failed to notify Vaughan that her "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

32. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Vaughan.

## THIRD CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

34. Exhibit A sets forth a "Balance Due" of $7,980.64.

35. Exhibit A does not set forth that the "Balance Due" of $7,980.64 may increase due to interest, late charges, and/or other charges.

36. Since Exhibit A does not set forth that the "Balance Due" of $7,980.64 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" of $7,980.64 was static and that their payment of $$7,980.64 would satisfy the debt irrespective of when the payment was remitted.

37. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

38. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract

(*citations omitted*)". <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

39. Vaughan owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

40. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

41. As regards the past due debt set forth in Exhibit A, Chase Bank USA, N.A. had a guaranteed right to interest on the "Balance Due" of $7,980.64 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

42. Based on the above, the "Balance Due" of $7,980.64 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance Due" of $7,980.64 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

43. Based on the above, as shown by Exhibit B, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to recall Vaughan's account from GC Services; and subsequently, Chase Bank USA, N.A. could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance Due" of $7,980.64 set forth in Exhibit A was paid.

44. In the alternative, as shown by Exhibit B, at any time after the date of Exhibit A, Chase Bank USA, N.A. had the right to recall Vaughan's account from GC Services; and subsequently, Chase Bank USA, N.A. could have sold Vaughan's debt to a third party

and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $7,980.64 set forth in Exhibit A was paid.

45. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Vaughan and/or the "Balance Due" sought from Vaughan may have increased due to the aforementioned accrued interest.

46. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $7,980.64 may increase due to interest, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Vaughan.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

48. Exhibit A does not label any entity as the "creditor".

49. Exhibit A does not label any entity as GC Services' "client".

50. Exhibit A does not label any entity as the current owner or even the owner of the debt.

51. Exhibit A does not label any entity as the entity on whose behalf GC Services was attempting to collect the debt.

52. Exhibit A sets forth the following: "We are writing to let you know that your account with CHASE BANK USA, N.A., with an overdue balance of $7,980.64, has been referred to us"; but does not set forth who referred the aforementioned account.

53. Exhibit A sets forth the following: "YOU OWE: **CHASE BANK USA, N.A.**", subsequently sets forth the following: "CLIENT ACCOUNT NUMBER: ENDING 42005, but does not label or set forth that Chase Bank USA, N.A. is GC Services'

"client", does not label or set forth that Chase Bank USA, N.A. is the "creditor", and does not label or set forth that GC Services was attempting to collect the debt on behalf of Chase Bank USA, N.A..

54. Based on one or more of the above allegations, to the "least sophisticated consumer", Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor" and/or entity to whom the debt currently is owed or on whose behalf GC Services was attempting to collect the debt.

55. Based on the above, GC Services violated 15 USC 1692e, 15 USC 1692e(10), and 15 USC 1692g(a)(2) by sending Exhibit A to Vaughan.

### FIFTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

57. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

58. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

59. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### CLASS ALLEGATIONS

60. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

61. The classes consist of:

    I.  (a) all natural persons (b) who received a letter from GC Services dated between February 4, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

    II. (a) all natural persons (b) who received a letter from GC Services dated between February 4, 2016 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt

62. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

63. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

64. The predominant common question is whether Defendant's letters violate the FDCPA.

65. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

66. A class action is the superior means of adjudicating this dispute.

67. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

    1. A Judgment against GC Services in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

    2. Any and all other relief deemed just and warranted by this court.

Dated: August 23, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709