UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DENISE K. HOMA, on behalf of herself and
all others similarly situated,

                              Plaintiff,

    - against –

GC SERVICES LIMITED PARTNERSHIP,

                             Defendant.
---------------------------------------------------------X     **MEMORANDUM AND ORDER**
                                                                                                              2:17-cv-1661 (DRH)(AYS)
CATHERINE C. VAUGHAN, on behalf of                    2:17-cv-3914 (DRH)(AYS)
herself and all others similarly situated,

                              Plaintiff,

    - against –

GC SERVICES LIMITED PARTNERSHIP,

                             Defendant.
---------------------------------------------------------X

**APPEARANCES**

**MITCHELL L. PASHKIN**
Attorney for Plaintiffs
775 Park Avenue Suite 255
Huntington, NY 11743
By:    Mitchell L. Pashkin, Esq.

**KIRSCH & NIEHAUS**
Attorney for Defendant
150 East 58th Street
New York, NY 10155
By:    Emily B. Kirsch, Esq.

**HINSHAW & CULBERTSON, LLP**
Attorneys for Defendant
800 Third Avenue
New York, NY 10022
By:    Matthew B. Corwin, Esq.
        Bryce Wallace Newell, Esq.
        Concepcion A. Montoya, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiffs Denise K. Homa ("Homa") and Catherine C. Vaughan ("Vaughan," collectively "Plaintiffs") brought two separate, and now related, actions against Defendant GC Services Limited Partnership ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") in connection with two identical collection letters. Presently before the Court is Defendant's joint motion to dismiss both actions pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to state a claim. For the reasons explained below, the motion to dismiss is granted.

## BACKGROUND

The following relevant facts come from the Amended Complaints and are assumed true for purposes of this motion.

On November 5, 2015, Defendant sent Plaintiff Homa a letter (the "Homa Letter") seeking to collect a past-due debt she had incurred on a Chase Bank USA, N.A. ("Chase") credit card. (Compl. [DE 11] No. 17-cv-1661 (hereinafter "Homa Compl.") ¶ 7.) On February 4, 2016, Defendant sent Plaintiff Vaughan an identical letter (the "Vaughan Letter") seeking to collect a past-due debt she had likewise incurred on a Chase credit card. (Compl. [DE 9] No. 17-cv-3914 (hereinafter "Vauaghan Compl.") ¶ 7.) Neither the Homa nor the Vaughan Complaints allege that the Plaintiffs have made any payments toward their debts.

Plaintiff Homa originally brought this action in New York State Court in November 2016. Plaintiff Vaughan originally brought this action in New York State Court in February 2017. Defendant removed the Homa action to this Court on March 24, 2017, and removed the Vaughan action to this Court on June 30, 2017. The Vaughan case was related to the Homa action and was therefore reassigned to the undersigned on August 1, 2017. Defendant brought a single motion to dismiss both the Homa and Vaughan actions on November 20, 2017.

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

### I. *The Parties' Arguments*

In the Vaughan Complaint, Plaintiff Vaughan sets out six causes of action: (1) failure to set forth the amount of the "debt" in the Vaughan Letter by omitting an explanation that the stated amount may increase in violation of 15 U.S.C. § 1692g(a)(1); (2) failure to notify Plaintiff Vaughan that her "balance due" may be recalled by Chase in violation of 15 U.S.C. § 1692e and § 1692g(a)(1); (3) failure to explain that the "balance due" may increase due to pre-judgment interest pursuant to N.Y. C.P.L.R. § 5001(a) in violation of 15 U.S.C. § 1692e and § 1692g(a)(1); (4) failure to identify in any manner or properly identify the "creditor" in violation of 15 U.S.C. § 1692e, § 1692e(10), and § 1692g(a)(2); (5) using false, deceptive, or misleading means to collect a debt in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), and § 1692e(10); and (6) using unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f and/or § 1692f(1). (Vaughan Compl. ¶¶ 14–59.)

Plaintiff Homa sets out the same six causes of action as Plaintiff Vaughan, in addition to a seventh cause of action for failing to identify the Letter as the "Initial Written Notice." (Homa Compl. ¶¶ 19–20.) Plaintiff Homa argues that this exclusion confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt in violation of 15 U.S.C. § 1692g(a)(3), (4), and/or (5), and § 1692e. (*Id.*)

II.     *FDCPA § 1692g(a)(3) – Time to Dispute the Debt*

   a. Legal Standard

FDCPA § 1692g(a) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

"The FDCPA prohibits debt collectors from using not only false representations, but also 'deceptive . . . or misleading ones.'" *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 9 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e)). The Second Circuit has explained that to evaluate whether a communication is deceptive or misleading, courts should use "an objective standard based on the 'least sophisticated consumer,' in order 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *DiMatteo*, 619 F. App'x at 9 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Collection communications are

deceptive under this standard "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.*

      b. The Motion to Dismiss Count 1 of the Homa Complaint is Granted

Plaintiff Homa claims that the failure to identify the Homa Letter as the "Initial Written Notice" "could confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt." (Homa Compl. ¶ 19.) In support of this proposition, Plaintiffs cite to *Chavez v. MCS Claim Services, Inc.*, a in which the court granted a default judgment and held that the Communication could confuse the least sophisticated consumer by stating: "unless you within thirty (30) days after your receipt of MCS claim Services, Inc. initial written notice to you concerning this debt, dispute the validity of the debt . . . ." 2016 WL 1171586, at *2 (E.D.N.Y. March 23, 2016).

The Court finds Plaintiff's argument unavailing. As an initial matter, the facts here are readily distinguishable from the facts in *Chavez*. In *Chavez*, the letter said that the recipient had thirty days from receipt of "the initial written notice to you[.]" *Id.* Here, the Letters state that the recipient has "thirty (30) days after your receipt of *this letter* [to] dispute the validity of the debt, or any portion thereof[.]" (Letter from Defendant to Homa [DE 9-1] Ex. A. to Homa Compl. at 2 (emphasis added).) As such, Defendant's failure to specifically identify the Letter as the "Initial Written Notice" would not confuse the least sophisticated consumer given that the Letter explicitly states that the time frame to dispute the debt commences upon receipt of the Letter itself.

Moreover, numerous courts in New York have held that similar language "tracks the statutory language" and fulfills the debt collector's requirements under § 1692g(a)(3). *See, e.g.*, *Kagan v. Selene Finance L.P.*, 210 F. Supp. 3d 535, 543 (S.D.N.Y. 2016) (holding that a notice

stating that the debt dispute must be made orally or in writing within 30 days complied with the FDCPA); *see also Nasca v. GC Servs. Ltd. P'ship*, 2002 Wl 31040647, at *7 (S.D.N.Y. Sept. 12, 2002) (holding that a notice that provided that the plaintiff must notify the debt collector "within 30 days of receipt of this notice that [she] disputes the validity of the debt, or any portion thereof . . . tracks the statutory language"); *Sebrow v. NCO Fin. Sys., Inc.*, 2009 WL 2707341, at *3 (E.D.N.Y. Aug. 27, 2009) (finding that a notice "parallel[ed] the language of 1692g(a)(3)" in stating that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid" (internal quotation marks omitted)). Accordingly, Defendant's motion to dismiss is granted as to Plaintiff Homa's first cause of action for violations of § 1692g(a).

III.     *FDCPA § 1692g(a)(1) and § 1692e– The Amount of the Debt*

    a. Legal Standard

As quoted above, FDCPA § 1692g(a)(1) requires that a debt collector must provide a written notice that sets forth the amount of debt that the collector is seeking to collect. FDCPA § 1692e further provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The false representations that are explicitly forbidden include the false representation of "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).

    b. The Motion to Dismiss Count 1 of the Vaughan Complaint and Count 2 of the Homa Complaint is Granted

Plaintiffs argue that Defendant has violated § 1692g(a)(1), as well as § 1692e, by failing to explain that the "balance due" may increase as a result of late charges or interest. In their Memorandum in Opposition, Plaintiffs specifically take issue with the fact that the Letters do not include the "safe harbor" approach the Second Circuit adopted in *Avila v. Riexinger & Assoc.,*

*LLC*, 817 F.3d 72, 74 (2d Cir. 2016).  Under the safe harbor approach, a debt collector can satisfy the duty to state the amount of debt by including the following provision:

> As of the date of this letter, you owe $____ [the exact amount due].  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77 (quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000)).  However, in both *Avila* and *Miller*, the Courts specified that this safe harbor approach only applies to cases "where the amount varies from day to day[.]" *Id.*

Moreover, the Second Circuit has recently addressed the question of whether a collection notice must lay out all potential interests and fees in a case with facts analogous to those before this Court.  In *Taylor*, the Second Circuit explained that:

> The collection notices [defendant] sent to [plaintiffs], which stated their respective balances due without discussing interest or fees, could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question.  The difference is that, while that message was prejudicially misleading on the facts of *Avila*, on the facts of this case it was accurate: prompt payment of the amounts stated in [plaintiff's] notices *would* have satisfied their debts.

*Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (emphasis in original).

Here, Plaintiffs have not alleged that interest or any other fees have accrued on their debt since they received their Letters.  Nor do Plaintiffs allege that prompt payment of the amount stated in their notices would *not* have satisfied their debts.[1]  As the balance in question does not

---

[1] This conclusion also comports with the line of cases that consider whether a debt collector is required to explain that interest and fees are *not* accruing.  "Although a collection letter must notify a debtor that her balance *is accruing* interest and/or fees, *Avila* [], plaintiff has not identified any authority for her argument that a collection letter must affirmatively notify a debtor that her balance *is not accruing* interest or fees." *Polizois v. Vengroff Williams, Inc.*, 2018 WL 1443875, at *6 (E.D.N.Y. March 22, 2018) (emphasis in original).  Rather, "courts that have considered the issue have correctly concluded that no

Page 8 of 14

"var[y] from day to day" under *Avilla*, the safe harbor language is not required. Accordingly, Count 1 of the Vaughan Complaint and Count 2 of the Homa Complaint are dismissed.

      c. The Motion to Dismiss Count 2 of the Vaughan Complaint and Count 3 of the Homa Complaint is Granted

Plaintiffs argue that Defendant violated § 1692g(a)(1) and § 1692e by failing to explain that Chase could recall[2] their accounts at any time. In support of this claim, Plaintiffs attach a letter addressed to a third party, Rosa Savage, who is not involved in any way in either of these actions before the Court.[3] This document does not support Plaintiffs' position, as there is no reason for the Court to conclude that Ms. Savage's contractual relationship with Chase has any bearing on the Plaintiffs' relationship to Chase. Even if a recall could occur, this does not necessarily mean that Chase would seek interest and late charges. Under *Taylor*, "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will be neither misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." 886

---

such affirmative duty exists. *Id.* (citing *Kraus v. Prof'l Bureau of Collections of Md., Inc.*, 2017 WL 6398744, at *7 (E.D.N.Y. Nov. 27, 2017) ("If a collection letter simply states a debtor's account balance without mentioning interest or affirmatively indicating that the balance is static, then the letter is not 'open to more than one reasonable interpretation' as to whether interest is accruing.") The same logic applies to whether the balance *may* increase in the future. *See Dick v. Enhanced Recovery Co., LLC*, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) ("[T]here is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future."); *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017), aff'd, 886 F.3d 212 (2d Cir. 2018) (finding that no confusion was possible regarding whether the plaintiff "could pay her debt in full by paying the amount listed on the notice" when plaintiff "adduce[d] no evidence that paying the stated balance due in their respective letters would not satisfy their debts.").

[2] According to Plaintiffs, a recall means that Chase "would exercise its [] right to seek from [Plaintiffs] the aforementioned accrued interest, late charges, and/or other charges in addition to any 'Balance Due.'" (*See* Homa Compl. ¶ 27.)

[3] The Court may consider this letter as it is attached to the Complaint. *Bank of New York Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc.*, 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011) ("In deciding a motion to dismiss, this Court may consider the full text of documents that are quoted in or attached to the complaint[.]")

F.3d at 215. Moreover, "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future." *Dick*, 2016 WL 5678556, at *5. In *Avila*, the Second Circuit sought to protect the plaintiff from events that had already transpired and that the defendant had concealed; not from hypothetical future events that had no impact on the amount of the debt at the time the plaintiff received the collection letter. *See* 817 F.3d at 74.

In the cases at bar, there are no allegations that Chase has recalled or will recall their accounts. Nor do Plaintiff claim that interest or late fees were accruing pursuant to Chase's recall option. Under *Taylor* and *Avila*, Defendant did not violate its duty to set forth the amount due because Plaintiffs could have satisfied their debts by making prompt payment of the amount set forth in their respective Letters. Therefore, Count 2 of the Vaughan Complaint and Count 3 of the Homa Complaint are dismissed.

> d. The Motion to Dismiss Count 3 of the Vaughan Complaint and Count 4 of the Homa Complaint is Granted

Plaintiffs also claim that Defendant violated § 1692g(a)(1) and § 1692e by failing to explain that the "amount" could increase due to pre-judgment interest sought by Chase. As explained by this Court in *Bird v. Pressler*, "the prayer for relief of pre-judgment interest is a request upon the Court. . . . It is not a representation of a sum certain." 2013 WL 2316601, at *2 (E.D.N.Y. May 28, 2013) (citing *Argentieri v. Fisher Landscapes, Inc.*, 15 f. Supp. 2d 55, 61 (D. Mass. 1998)). Plaintiffs argue that *Bird* has been overruled by *Avila*, and that pre-judgment interest under N.Y. C.P.L.R. § 5001 was accruing so the Letters had to contain some reference to it. Other courts in the Eastern District have held, since *Avila*, that:

> While the Plaintiff alleges that pre-judgment interest under N.Y. C.P.L.R.
> § 5001 should be disclosed in the Letter, such a position does not conform
> to the nature of such interest. Any request for pre-judgment interest must

> be made to a court. Such an award by a court would be for an uncertain sum as at the time the Letter was sent; no request was made nor was any calculation of such an award attempted. The allegations by [plaintiff] that the Defendant or [the original debt-holder] *could* assess interest under § 5001 are entirely speculative at best, and misstate the law at worst, as only a court may enter such a judgment.

*Cruz v. Credit Countrol Servs., Inc.*, 2017 WL 5195225, at *5 (E.D.N.Y. Nov. 8, 2017) (citing *Bird*, 2013 WL 2316601, at *2) (internal citations omitted, emphasis in original).

Plaintiff also avers that the Second Circuit's holding in *Carlin* controls. In *Carlin*, the Second Circuit found that "a statement is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017). However, the Second Circuit has explained that *Carlin* "concerned a debt collector's obligation under Section 1692g of the FDCPA to state 'the amount of the debt' within five days of its initial communication with a consumer[;]"not whether a debt collector must disclose possible future changes to the "amount of the debt" that have not occurred and may never occur. *Taylor*, 886 F.2d at 215 (citing 852 F.3d at 207)). The Court finds that the issue of pre-judgment interest under N.Y. C.P.L.R. § 5001 fits squarely within the Second Circuit's holding in *Taylor*, as "no such interest [was] accruing" at the time the Letters were sent and prompt payment would have satisfied the Plaintiffs' debt. *See Taylor*, 886 F.3d at 215. Accordingly, the lack of a reference to pre-judgment interest in the Letters was "neither misleading within the meaning of Section 1692e, nor [did it] fail to state accurately the amount of the debt under Section 1692g." *See id.* Therefore, the Court 3 of the Vaughan complaint and Count 4 of the Homa Complaint are dismissed.

IV. *FDCPA § 1692g(a)(2), 15 U.S.C. § 1692e, § 1692e(10) – The Name of the Creditor*

   a. Legal Standard

As quoted above, FDCPA § 1692g(a)(2) mandates that a debt collector provide "the name of the creditor to whom the debt is owed[.]" 15 U.S.C. § 1692g(a)(2). Additionally, FDCPA § 1692g(e)(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692g(e)(10).

   a. The Motion to Dismiss Count 4 of the Vaughan Complaint and Count 5 of the Homa Complaint is Granted

In their Amended Complaints, Plaintiffs argue that the Letters "did not identify in any manner or did not clearly or properly identify the 'creditor' and/or entity to whom the debt is currently owed or on whose behalf [Defendant] was attempting to collect the debt." (Vaughan Compl. ¶ 54; Homa Compl. ¶ 61.) Plaintiffs do not reference this claim in their Memorandum in Opposition, perhaps because they have realized that it is fruitless.

In the Letters that Plaintiffs attach to their Amended Complaints, Chase is denominated twice: first in bold, capitalized letters above the text of the letter stating "YOU OWE: CHASE BANK USA, N.A. . . . [;]" and second, in the very first sentence of the letter, when it states: "We are writing to let you know that your account with CHASE BANK USA, N.A., with an overdue balance of $[X], has been referred to us." (Ex. A to Homa Compl. at 1; Ex. A to Vaughan Compl. at 1.)

Courts in the Eastern District have held that even if a collection letter does not use the words "creditor" or "owner" to identify the current holder of the debt, "the FDCPA does not require debt collectors to use 'magic words' to avoid liability." *Romano v. Schachter Portnoy, L.L.C.*, 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2018) (citing *Shanker v. Fair Collection &*

*Outsourcing, LLC*, 2009 WL 1767580, at *4 (D.N.J. June 19, 2009)). For example, when "the subject line of the Collection Letter identified both the creditor, Chase, and plaintiff's account number with Chase Bank[] [t]his 'strongly suggests' that Chase is the current creditor." *Taylor v. MRS BPO, LLC*, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (quoting *Santibanez cv. Nat. Credit Sys., Inc.*, 2017 WL 126111, at *3 (D. Or. Jan 12, 2017) ("Here, the subject line contains a single name (EMC) and a single account number. This strongly suggests that EMC is the creditor".)). The facts in the cases at bar mirror those in *Taylor v. MRS*. As in *Taylor v. MRS*, the Court finds that the subject line of the Letters contain a single name (Chase) and Plaintiffs' respective account numbers. Defendant may not have used "magic words," but Defendant has identified the creditor in such a way that even the "least sophisticated consumer" would know to whom the debt is owed and on whose behalf Defendant seeks to collect such debt. Therefore, Count 4 of the Vaughan Complaint and Count 5 of the Homa Complaint are dismissed.

    V.      *The Remaining Causes of Action Pursuant to FDCPA §§ 1692e(2)(A), 1692e(10), 1692f, and 1692f(1)*

        a.  Legal Standard

FDCPA § 1692f provides in relevant part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." FDCPA § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

a. The Motion to Dismiss Counts 5 and 6 of the Vaughan Complaint and Counts 6 and 7 of the Homa Complaint is Granted

The extent of Plaintiffs' allegations that the Letters violated § 1692e, § 1692(2)(A), and § 1692e(10) are that the Letters "amounted to a false, deceptive, or misleading means in connection with the collection of a debt[.]" (Homa Compl. ¶ 64; Vaughan Compl. ¶ 57.) In other words, Plaintiffs have done nothing more than provide "threadbare recitals of the elements of a cause of action supported by mere conclusory statements[.]" *See Iqbal*, 556 U.S. at 678. As Plaintiffs have not included a single factual allegation in support of their claims, these claims must be dismissed.

Similarly, the extent of Plaintiffs' allegations that the Letters violated § 1692f and/or § 1692f(1) are that the Letters "amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of [these sections]." (Homa Compl. ¶ 66; Vaughan Compl. ¶ 59). Again, this is nothing more than a threadbare recital of the elements of the cause of action. *See Iqbal*, 556 U.S. at 678. Accordingly, Homa's and Vaughan's final causes of action must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted as to all claims. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
September 27, 2018

/s/
Denis R. Hurley
Unites States District Judge